UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SENG CHOY SAECHAO,

    Petitioner,

    v.

PAT L. VAZQUEZ,

    Respondent.

Case No. 16-cv-00728-EMC

**ORDER OF DISMISSAL**

Docket No. 10

## I.    INTRODUCTION

Seng Choy Saechao filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely, and Mr. Saechao has opposed the motion. For the reasons discussed below, the Court dismisses the action as untimely because the statute of limitations deadline expired more than fifteen years before Mr. Saechao filed his habeas petition.

## II.    BACKGROUND

The petition in this action challenges 1996 and 1997 convictions and sentences in two cases from Marin County Superior Court. *See* Docket No. 1-1 at 4-7.

In one case (i.e., Marin County Superior Court Case No. SC088707), following a jury trial, Mr. Saechao was convicted of assault with a firearm, possession of a concealed dirk or dagger, possession of a firearm by a felon, and carrying a concealed firearm. Sentence enhancement allegations were found true. On April 14, 1997, Mr. Saechao was sentenced to fifty-one years to life in prison. *Id.* at 4, 21-23.

In the other case (i.e., Marin County Superior Court Case No. SC090350), Mr. Saechao pled guilty and was convicted of carjacking and possession of a firearm by a felon. Sentence

1  enhancement allegations were found true.  On July 21, 1997, Mr. Saechao was sentenced to
2  twenty years in prison.  Docket No. 1-1 at 7, 24-26.
3         Mr. Saechao appealed the conviction in the first case, but not in the second case.  On
4  December 23, 1998, the judgment of conviction in Case No. SC088707 was affirmed by the
5  California Court of Appeal.  On March 9, 1999, Mr. Saechao's petition for review was denied by
6  the California Supreme Court.
7         About fifteen years later, Mr. Saechao began his collateral attacks on both of these
8  convictions.  He filed several petitions in the state courts jointly attacking both of these
9  convictions.  Mr. Saechao filed a habeas petition in the California Court of Appeal on October 21,
10 2014, which was denied on October 30, 2014 (i.e., Cal. Ct. App. Case No. A143314). Next, Mr.
11 Saechao filed a habeas petition in the California Supreme Court on December 1, 2014, which was
12 denied on February 11, 2015 (i.e., Cal. S. Ct. No. S223056).  On the same day he filed his first
13 habeas petition in the California Supreme Court, Mr. Saechao filed another habeas petition in the
14 California Court of Appeal on December 1, 2014, which was denied on December 3, 2014 (i.e.,
15 Cal. Ct. App. Case No. A143629).  Mr. Saechao filed another habeas petition in the California
16 Court of Appeal on January 16, 2015, which was denied on January 21, 2015 (Cal. Ct. App. Case
17 No. A143984).
18        In August 2015, Mr. Saechao filed in the Marin County Superior Court a request under
19 California Penal Code § 1170.18 to reduce a felony to a misdemeanor in Case No. SC090350.
20 The superior court determined that Mr. Saechao was not eligible for resentencing under § 1170.18
21 and denied his request.  Docket No. 1-1 at 15.  This proceeding did not challenge the convictions
22 or sentences from 1996 and 1997; instead, this proceeding resulted from a change in the law in
23 November 2014 when Proposition 47 was approved by California voters.  Section 1170.18
24 provided a procedure for prisoners to file petitions for recall of a sentence to have felonies reduced
25 to misdemeanors under certain specified conditions.  *See Harris v. Superior Court*, 1 Cal. 5th 984,
26 989-92 (Cal. 2016).    Thereafter, Mr. Saechao filed two more habeas petitions in the state courts.
27 From the record, it cannot be determined whether they were challenges to the denial of his §
28 1170.18 request or challenges to the 1996 and 1997 convictions.  To give Mr. Saechao the benefit

of the doubt, the Court will assume for present purposes that these petitions challenged the 1996 and 1997 convictions. Mr. Saechao filed a habeas petition in the California Court of Appeal on October 5, 2015, which was denied on October 15, 2015 (i.e., Cal. Ct. App. Case No. A146398). Mr. Saechao filed a habeas petition in the Marin County Superior Court on October 19, 2015, which was denied on November 25, 2015, using the same case number (SC195030) as was used in the original case in 1997.

Mr. Saechao's federal petition for writ of habeas corpus has a proof of service showing it was mailed to the U.S. District Court in Santa Rosa, California, on January 25, 2016. Docket No. 1 at 29. The envelope has a January 26, 2016 postmark, and was addressed to a court in Santa Rosa, California. Docket No. 1-2. The court at the address in Santa Rosa to which Mr. Saechao sent his petition was the U.S. Bankruptcy Court, rather than the U.S. District Court. The petition was forwarded and stamped "filed" at this Court in San Francisco on February 12, 2016. Applying the prison mailbox rule, the Court assumes for present purposes that Mr. Saechao gave his petition to prison officials to mail on the date he signed the proof of service, and deems the petition to have been filed as of January 25, 2016, even though it was mailed to the wrong federal court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1).

Mr. Saechao's federal petition for writ of habeas corpus suggested his two criminal cases were combined or otherwise consolidated in the Marin County Superior Court. It turns out that the cases took different paths in the trial court and with regard to Mr. Saechao's direct appeal. As a result, the starting date for the limitations period for each of the two cases must be calculated separately.

<u>Marin County Superior Court Case No. SC088707:</u>  The limitations period began when the judgment became final upon "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied Mr. Saechao's petition for review on March 9, 1999. His conviction in Marin County Superior Court Case No. SC088707 became final 90 days thereafter, on June 7, 1999, because he did not petition for writ of certiorari. *See Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) ("Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of"). His one-year limitations period thus began on June 7, 1999, and he had a presumptive deadline of June 7, 2000, to file his federal habeas petition challenging this conviction.

<u>Marin County Superior Court Case No. SC090350:</u>  The limitations period in this case began when the judgment became final upon "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner could have sought review in the state court of appeals or the state supreme court, but did not, the limitations period begins on the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). The rule for California criminal defendants in 1997 was that, where the defendant did not pursue a direct appeal, his judgment became final 60 days after the sentence was imposed. *See* former Cal. Rule of Court 31 (1994) (later amended effective Jan. 1, 2007, and renumbered as Rule 8.308); *People v. Mendez*, 19 Cal. 4th 1084, 1094 (Cal. 1999). Mr. Saechao was sentenced on July 21, 1997, and his judgment became final 60 days later, on September 19,

4

1997, because he did not appeal. His one-year limitations period thus began on September 19, 1997, and he had a presumptive deadline of September 19, 1998, to file his federal habeas petition challenging this conviction.

The next step in both of Mr. Saechao's cases is to determine whether statutory tolling applies. The one-year limitations period can be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Mr. Saechao does not receive any statutory tolling for either of his cases because the limitations period for each case expired long before he filed his first state habeas petition in 2014. His state habeas petitions were filed after the limitations period had expired and therefore had no tolling effect. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[§] 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Mr. Saechao has not shown any reason to equitably toll the limitations period in either of his two cases.

Mr. Saechao filed an opposition to the motion to dismiss, but his arguments in his opposition do not defeat Respondent's motion. Mr. Saechao argues that Respondent's motion failed to mention a 1993 conviction Mr. Saechao suffered. Docket No. 11. But Mr. Saechao does not show that the 1993 conviction has any bearing on the timeliness of his federal habeas petition challenging his 1997 convictions. Mr. Saechao's opposition also discusses the merits of his claims for habeas relief. The substance of the claims in a petition does not matter for purposes of determining whether the petition was filed on time. Whether or not his claims are meritorious, a habeas petitioner must file his petition before the expiration of the limitations period to have those

claims considered.

Mr. Saechao's federal petition for writ of habeas corpus filed on January 25, 2016, was filed more than fifteen years after the expiration of the federal habeas statute of limitations period for Marin County Superior Court Case No. SC088707 and more than seventeen years after the expiration of the federal habeas statute of limitations period for Marin County Superior Court Case No. SC090350. Mr. Saechao's federal petition for writ of habeas corpus must be dismissed as untimely.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 10. This action is dismissed because the petition for writ of habeas corpus was not filed before the expiration of the habeas statute of limitations period. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 3, 2017

_____
EDWARD M. CHEN
United States District Judge